UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, TRUSTEES OF THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, TRUSTEES OF THE TILE LAYERS LOCAL UNION 52 PENSION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, AND TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,

                          Plaintiffs,

-against-

AM TILE SPECIALTY CONSTRUCTION,

                          Defendants.

19 CV_____

**COMPLAINT**

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (the "Taft-Hartley Act"), and other applicable law, to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, and Tile Layers Local Union 52 Pension Fund (collectively, the "Local 7 Benefit Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Local 7 Benefit Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Local 7 Benefit Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

5. Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund and International Masonry Institute (the "International Benefit Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The International Benefit Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The International Benefit Funds maintain their principal place of business at 620 F Street, N.W., Washington, D.C. 20004.

6. Defendant AM Tile Specialty Construction ("AM Tile") is a business organization, upon information and belief, that is organized under the laws of the State of New Jersey. At relevant times, AM Tile was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. AM Tile maintains its principal place of business 1 Thompson Drive, Leonardo, NJ 07737.

## FACTS

7.  The Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers (the "Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the Taft-Hartley Act, 29 U.S.C. § 142.

8.  At relevant times, AM Tile was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Agreement") with the Union.

9.  The Agreement required AM Tile to make specified hourly contributions to the Local 7 Benefit Funds, the International Benefit Funds, and various entities on whose behalf they act as collection agents (collectively, the "Funds"), in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

10. The Agreement requires that AM Tile report to the Funds the number of hours of Covered Work performed by each employee.

11. Pursuant to the Agreement and the documents incorporated therein, including the Funds' collection policy, in the event an employer fails to pay contributions when due, the employer is liable to the Local 7 Benefit Funds for interest on the amount of the unpaid contributions at an annual rate of 10% and to the International Benefit Funds at an annual rate of 15%.

12. The Agreement and the documents and instruments governing the Funds further provide that, in the event the Funds are required to commence an action to recover contributions owed, the employer is liable to the Funds for liquidated damages of 20% of the amount of the unpaid contributions and for all attorneys' fees and costs incurred by the Funds.

13. In addition, the Agreement provides that AM Tile must make its books and records available to the Funds or their representatives in order to verify the number of hours of Covered Work performed by AM Tile's employees.

14. Under the Funds' collection policy, incorporated by reference into the Agreement, if an employer fails to produce its books and records necessary for a proper audit, the Funds, or their representative, may determine the employer's monthly hours subject to benefit fund contributions for each month of the requested audit period by using the greater of either (1) the highest number of hours performing Covered Work for any twelve (12) months preceding the requested audit period; or (2) the highest number of hours performing Covered Work during the last twelve (12) month period for which the employer filed reports.

15. The Funds collection policy, incorporated in the Agreement, further provides that such a determination by the Funds, in the face of a non-complaint employer, shall constitute presumptive evidence of delinquency.

16. Prior to making such a determination, however, the Funds, as directed in their collection policy, shall mail a final seven (7) day written notice to the employer advising it that such a determination, based on previous filings, will be made if the employer does not promptly schedule an audit.

17. Here, the Funds requested an audit of AM Tile's books and records for January 1, 2012 through December 31, 2018.

18. AM Tile refused to furnish the Funds with access to its books and records, preventing the Funds from conducting an audit.

19. On February 11, 2019, the Funds sent a letter to AM Tile, via first class mail and certified mail, providing AM Tile with seven (7) day notice, per the funds' collection policy, that,

absent AM Tile promptly furnishing its books and records to the Funds for an audit, the Funds shall calculate AM Tile's contribution delinquency in accordance with the Funds collection policy for employers who refuse to comply with an audit.

20. In the February 11, 2019 letter, the Funds also informed AM Tile that AM Tile would be delinquent in the amount of $9,539,686.37 based on the calculation prescribed in the Funds' collection policy for employers that fail to comply with an audit.

21. The Funds further stated in their February 11, 2019 letter to AM Tile that, unless the matter is resolved within seven (7) days of the letter, the Funds would pursue AM Tile for not only the estimated delinquency, but also interest thereon, liquidated damages, and attorneys' fees and costs, all of which the Funds are entitled to under section 502(g) of ERISA, 29 U.S.C. §1132(g).

22. AM Tile never contacted the Funds to schedule an audit or produce its books and records.

23. The Funds' auditors determined, based on the Funds collection policy's procedure for auditing an employer that refuses to produce its books and records, that AM Tile, for the period of January 1, 2012 until December 31, 2018, owes the Funds $15,281,104.28, representing (1) $9,539,686.37 in delinquent contributions to the Funds on behalf of Union workers; (2) $4,057,803.41 in interest thereon; (3) $1,680,014.50 in liquidated damages, and (4) $3,600 in audit costs.

24. The Funds are also entitled to attorneys' fees and costs associated with collecting delinquent contributions from AM Tile, under the Funds' collection policy and section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## CLAIM FOR RELIEF
**(ERISA Violation)**

25. Plaintiffs repeat the allegations set forth in paragraphs 1 through 24 above and incorporate them herein by reference.

26. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

27. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

28. AM Tile contravened the Agreement and section 515 of ERISA, 29 U.S.C. § 1145, by failing to remit contributions for all Covered Work performed from January 1, 2012 through December 31, 2018.

29. AM Tile further contravened the Agreement and section 515 of ERISA, 29 U.S.C. § 1145, by failing to report the number of hours of Covered Work performed from January 1, 2012 through the present and by failing to submit to an audit.

30. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

31. Under the Agreement and/or the documents and instruments governing the Funds, employers whose contributions are delinquent are liable for interest at the rate of ten percent (10%) per annum to the Local 7 Benefit Funds, interest at the rate of fifteen percent (15%) per annum to the International Benefit Funds, liquidated damages of 20% of the principal amount due, and all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

32. The Agreement and the documents governing the Funds further provide that the Funds shall determine the delinquency of an employer by issuing an audit based on the employer's past remittances and reports to the Funds. Such findings are presumptively valid under the instruments governing the Funds.

33. The Funds' auditors determined, based on the collection policy's procedure for auditing an employer that refuses to produce its books and records, that AM Tile, for the period of January 1, 2012 until December 31, 2018, owes the Funds $15,281,104.28, representing (1) $9,539,686.37 in delinquent contributions to the Funds on behalf of Union workers; (2) $4,057,803.41 in interest thereon; (3) $1,680,014.50 in liquidated damages, and (4) $3,600 in audit costs.

34. AM Tile never rebutted these finding.

35. ERISA also requires that AM Tile pay the Funds for their attorneys' fees and costs associated with the collection of AM Tile's delinquency.

36. Accordingly, in connection with Covered Work performed from January 1, 2012 through the present, AM Tile is liable to the Funds in $15,281,104.28, plus the Funds attorneys' fees and costs.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against AM Tile for $15,281,104.28, representing (1) $9,539,686.37 in delinquent contributions to the Funds on behalf of Union workers from January 1, 2012 through December 31, 2018; (2) $4,057,803.41 in interest thereon; (3) $1,680,014.50 in liquidated damages, and (4) $3,600 in audit costs.

(2) Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they incur in prosecuting this suit; and

(3) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York
March 29, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
John M. Harras
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*