UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
TRUSTEES OF THE LOCAL 7 TILE
INDUSTRY WELFARE FUND,
TRUSTEES OF THE LOCAL 7 TILE
INDUSTRY ANNUITY FUND,
TRUSTEES OF THE TILE LAYERS
LOCAL UNION 52 PENSION FUND,
TRUSTEES OF THE BRICKLAYERS &
TROWEL TRADES INTERNATIONAL                    **MEMORANDUM AND ORDER**
PENSION FUND, AND TRUSTEES OF                    19-cv-1809 (RPK) (SJB)
THE INTERNATIONAL MASONRY
INSTITUTE,

                 Plaintiffs,

         -against-

AM TILE SPECIALTY CONSTRUCTION,

                 Defendant.
-----------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       In this action, the trustees for various labor-management trust funds – the Local 7 Tile

Industry Welfare Fund, the Local 7 Title Industry Annuity Fund, the Tile Layers Local Union 52

Pension Fund, the Bricklayers & Trowel Trades International Pension Fund, and the International

Masonry Institute – have sued AM Tile Specialty Construction under sections 502(a)(3) and 515

of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3)

& 1145, to recover delinquent contributions and seek related relief.  *See* Compl. ¶ 1 (Dkt. #1).

       The complaint alleges that AM Tile Speciality Construction was a party to a collective

bargaining agreement with a labor union that required the company to make certain contributions

to the trust funds based on the number of hours worked.  *Id.* ¶¶ 7-9.  The agreement also required

the defendant to report the number of hours for all work performed where the union had

jurisdiction.  *Id.* ¶ 10.  Finally, to ensure compliance, the agreement allegedly required that the

defendant to make its books and records available to the representatives of the funds to verify these hours. *Id.* ¶ 13.

Representatives of the benefit funds requested an audit of the defendant's books and records for six years to verify that it was making proper contributions, but the defendant refused to furnish these records. *Id.* ¶ 17-18. In the absence of these records, as permitted by the collective bargaining agreement, the benefit funds determined the hours on which the defendant should have been making contributions, and then they determined that the defendant was delinquent on its contributions. *Id.* ¶¶ 14-15, 19-20.

Under the agreement, if an employer failed to make contributions, then it was liable to the funds for unpaid contributions as well as specified interest on the amount of unpaid contributions. *Id.* ¶ 11. Further, the agreement stated that if the benefit funds had to commence an action to recover contributions owed, the employer would be liable for liquidated damages set at a percentage of the unpaid contributions as well as attorneys' fees and costs incurred. *Id.* ¶ 12. The benefit funds informed the defendant that it would sue unless the defendant paid within seven days, and then, a week later, the funds sued to recover unpaid contributions, related interest, liquidated damages, attorneys' fees, and costs. *Id.* ¶¶ 20-22, 25-36.

The defendant never appeared. Although the defendant was served with a complaint and summons, and the defendant did file an answer, a corporation may not proceed without counsel in federal court, *see Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam), and the defendant never secured representation. The defendant was directed to do so but did not, so the Clerk of Court certified the defendant's default, Cert. of Default (Dkt. #14), and the plaintiffs moved for default judgment, Mot. for Default J. (Dkt. #15).

Magistrate Judge Bulsara has recommended that the motion for default judgment be granted in part and denied in part. *See* Report & Recommendation at 1 (Dkt. #27) ("R. & R."). Judge Bulsara recommends that default judgment be entered against AM Tile Specialty Construction based on AM Tile's failure to make contributions to employee-benefit funds under a collective bargaining agreement. *Id.* at 11-13. Judge Bulsara recommends that judgment be denied as to liability for failure to make union assessments as well as failure to make contributions to non-plaintiff funds and political action committees. *Id.* at 14. Judge Bulsara also recommends that judgment be denied as to liability for failure to make contributions for subcontractor and independent contractor work. *Id.* at 17-18.

As to damages, Judge Bulsara recommends that the plaintiffs receive $98,118.11 in delinquent contributions; prejudgment interest on delinquent contributions at a rate of $28.88 per day, to be calculated by the Clerk of Court from June 30, 2016, through the date of entry of final judgment; $19,085.55 in liquidated damages; $4,390.40 in audit fees; $5,634.00 in attorneys' fees; $403.38 in costs; and post-judgment interest in an amount to be calculated by the Clerk of Court under 28 U.S.C. § 1961(a). *See id.* at 38.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Neither party has objected to Judge Bulsara's recommendations, even though Judge Bulsara's notified the parties that they had fourteen days to file objections, citing to 28 U.S.C. § 636(b)(1) as well as Federal Rule of Civil Procedure 72(b). *See* R. & R. at 38-39.

At most, when no party has objected to a magistrate judge's recommendation, the recommendation is reviewed for "clear error." *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation."); *see, e.g.*, *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted).  Clear error reflects "the definite and firm conviction that a mistake has been committed" upon review of the entire record.  *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).  I have reviewed Judge Bulsara's report and recommendation and, having found no clear error, adopt it in its entirety.  Accordingly, the motion for default judgment is granted in part and denied in part against AM Tile Specialty Construction.  Damages are awarded as recommended.  The Clerk of Court is directed to enter judgment and make awards consistent with these recommendations and to close this case.

SO ORDERED.

 /s/  *Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated:          November 30, 2020
               Brooklyn, NY

4